**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
OMAR MEDINA-SANTIAGO,              *
     Petitioner,                   *
                                   *
                                   *
          v.                       *
                                   *    CIVIL NO. 13-1672(PG)
                                   *    RELATED CRIM. 09-173(PG)
UNITED STATES OF AMERICA,          *
     Respondent.                   *
                                   *
_____
```

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. As well as the Government's Response (D.E. 3). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

**I. BACKGROUND**

On August 26, 2011, Petitioner Omar Medina-Santiago (hereinafter "Medina-Santiago" or "Petitioner") was sentenced to a term of imprisonment of one hundred and eighty (180) months. Petitioner had previously plead guilty to violations to Title 21, United States Code, Section 841(a)(1) and 860 (Crim.D.E. 1510 and 1511)[2]. Judgment was entered on September 12, 2011, (Crim. D. E. 2121). Petitioner did not appeal his conviction and sentence and it therefore became final on September 26, 2011. As of said date, Petitioner had one (1) year to timely file his Section 2255 Petition. However, Medina-

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Santiago signed and dated his Petition on August 22, 2013, (D.E. 1 at p. 13), and as such, the same is untimely.

**II. DISCUSSION**

<u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date, <u>see</u> <u>Pratt v. United States</u>, 129 F.3d 54, 58 (1st Cir.1997).

If a defendant does not seek review from his judgment, it becomes final when the time for pursuing direct review expires. <u>See</u> <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641 (2012). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides that in a criminal case, a notice of appeal must be filed within fourteen (14) days of the entry of the judgment being appealed. The record reflects that Petitioner's judgment was entered on September 12, 2011. Therefore, since he did not file a timely notice of appeal, the same became final on September 26, 2011.

Medina-Santiago had to file his 2255 request for relief within in one (1) year of September 26, 2011 for it to be timely. Nevertheless, Petitioner did not sign his 2255 Petition until August 22, 2013, that is, eleven (11) months after the one-year statute of limitation had expired. Hence the same is time barred.

Median-Santiago is aware of his untimely filing and states as much in his 2255 Petition, yet he requests that the Court entertain

the same on the ground of equitable tolling alleging that the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (June 17, 2013) announced a new rule that should be applied retroactively. Petitioner is mistaken.

<u>Equitable Tolling Doctrine</u>

The doctrine of equitable tolling suspends the running of a statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to his claim. <u>See</u> <u>Ramirez-Carlo v. United States</u>, 496 F 3d. 41 (1st Cir. 2007). A threshold question is whether equitable tolling is available to a federal prisoner filing pursuant to 28 U.S.C. Sec. 2255. The Supreme Court has held that the limitation period under AEDPA that applies to federal habeas petitions filed by prisoners in state custody is subject to equitable tolling in appropriate instances, <u>see</u> <u>Holland v. Florida</u>, 560 S.Ct.631, 130 S.Ct. 2549 (2010). However, the applicability of equitable tolling is far from automatic.

A court's power to invoke equitable tolling must be exercised case by case, <u>see</u> <u>id.</u> at 2563. That equitable tolling is available under section 2255(f) does not mean that it applies to Medina-Santiago's claim. "To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only sparingly." <u>Neverson v. Farquharson</u>, 366 F.3d 32, 42 (1st Cir.2004).

A habeas petitioner bears the burden of establishing the basis for equitable tolling, <u>see</u> <u>Riva v. Ficco</u>, 615 F.3d 35, 39 (1st Cir.2010) (<u>quoting</u> <u>Holland</u>, 130 S.Ct. at 2562). To carry this burden, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing." Riva, 615 F.3d at 40 (quoting Holland, 130 S. Ct. at 2562). Equitable tolling normally requires a finding of extraordinary circumstances which in Medina-Santiago's case seems to be the alleged retroactive application of Alleyne[3]. Yet it is a two prong test. Petitioner must establish that he acted in a diligent manner throughout the statute of limitations period for the timely filing of his 2255 motion. But Medina-Santiago has made no such showing. Quite the contrary, the record in this case provides a glimpse of Petitioner's lack of diligence. For example, the record reflects that Petitioner requested and was granted an extension of time to file a reply to the government's response (D.E. 6), yet more than thirty (30) days have elapsed and Medina-Santiago has not filed a reply or otherwise informed the Court of his delay in filing. The foregoing gives way to this Court to conclude that even at this stage of the proceedings, Petitioner is not acting in a diligent manner. Having been given the opportunity to reply, thereby perhaps provide the necessary specific facts for this Court to evaluate whether equitable tolling applied to Petitioner's case, he did not do so. As such, the Court need not delve further into the matter.

   The Court notes that neither the Supreme Court or the First Circuit Court of Appeals have explicitly provided an answer to this

---

[3] The Court in Alleyne "held that the Sixth Amendment right to trial by jury requires that the *Apprendi* doctrine applies equally to facts that increase a mandatory minimum sentence." United States v. Harakaly, 734, F.3d 88, 94 (1st Cir.2013). Therefore, the decision in Alleyne extends the *Apprendi* rule by applying it to any fact that increases the mandatory minimum sentence and, in general, requires that such facts "must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2163.

lingering question: the possible retroactive application of Alleyne in collateral proceedings.  The First Circuit Court has described Alleyne as an extension of the *Apprendi* doctrine.  See United States v. Harakaly, 734 F.3d. 88 (1st Cir.2013).  It has been settled that *Apprendi* does not apply retroactively to cases on collateral review, Sepulveda v. United States, 330 F.3d 55 (1st Cir.2003). The logical conclusion would thus be that Alleyne, should, like *Apprendi*, not be retroactively applicable to cases on collateral review.

Finally, Petitioner also requests that, should this Court find his 2255 motion untimely, this Court consider his 2255 Petition as a Writ of Error Coram Nobis (D.E. 1).  Insofar as Petitioner provides no further explanation or argument as to why this Court should do so, the Court will delve no further in the matter.

Having established that Petitioner Medina-Santiago has not met his burden of proof as to his equitable tolling argument and by Petitioner's own admission there is no doubt that his 2255 Petition is untimely, this Court hereby **DISMISSES WITH PREJUDICE** Petitioner's Section 2255 request for relief as the same is time barred.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Omar Medina-Santiago is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred.  Accordingly, it is ordered that Petitioner Omar Medina-Santiago's request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

Civil No. 13-1672(PG)                                                   Page 6

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th of July, 2014.

**S/JUAN M. PEREZ-GIMENEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**